SUE M. MATHIS AND F. HOLLAN MATHIS v. HARVEY C. MAY, W. LESLIE
    McLEOD, WILLIAM K. STALLWORTH, JOHN C. STALLWORTH, DRS.
    MAY, McLEOD & STALLWORTH, P.A., AND MECKLENBURG OBSTETRIC
    AND GYNECOLOGICAL ASSOCIATES, P.A.

No. 8626SC1333

(Filed 21 July 1987)

**Physicians, Surgeons & Allied Professions § 13— malpractice—limitation of action
    —doctrine of "continued course of treatment"—no applicability to continued
    course of non-treatment**

Plaintiffs' claim for medical malpractice in failing to diagnose a malignant
tumor accrued 15 May 1981, the day defendant informed the female plaintiff
by letter that she had no malignancy, and plaintiffs had an outside limit of four
years, or until 15 May 1985, in which to file their action; therefore, plaintiffs'
claim filed on 13 September 1985 was barred by the statute of limitations. Fur-
thermore, there was no merit to plaintiffs' contention that defendant had a
continuing duty to treat and diagnose plaintiff for the entire one-year period
following his negative diagnosis, that his last act occurred no earlier than 15
May 1982, and that they therefore had until 15 May 1986 in which to file their
action, since North Carolina, though recognizing the doctrine of a "continued
course of treatment," has never applied the doctrine where there has been a
continued course of non-treatment. N.C.G.S. § 1-15(c).

APPEAL by plaintiffs from *Williams (Fred J.), Judge.* Order
entered 2 October 1986 in Superior Court, MECKLENBURG County.
Heard in the Court of Appeals 13 May 1987.

This is a medical malpractice action in which plaintiffs al-
leged that defendants were negligent in relying on a false nega-
tive mammogram and in failing to diagnose the presence of a
tumor. Defendants moved for summary judgment on the grounds
that the action was barred by the applicable statute of limita-
tions. The trial court granted the motion and dismissed the ac-
tion. We affirm the trial court's decision.

On 7 May 1981, plaintiff Sue M. Mathis contacted defendant
Dr. Harvey C. May for the diagnosis and treatment of a lump in
her right breast. Dr. May had Mrs. Mathis undergo a xeromam-
mogram which found "mild to moderate fibrocystic disease of the
breasts, with no radiographic evidence of malignancy." However,
the mammogram report which was submitted to Dr. May also in-
cluded a warning which stated that "[a] negative x-ray report
should not delay biopsy if a dominant or clinically suspicious mass
is present. 4-8% of cancers are not identified by x-ray."

Dr. May informed Mrs. Mathis by letter dated 15 May 1981 that the xeromammogram "showed no mass in either breast" and that there was "no suggestion of malignancy or tumor." He did not suggest further diagnostic evaluation or follow-up treatment.

On 3 October 1984, Mrs. Mathis visited Dr. Ronald L. Brown for further diagnosis, because the breast mass still persisted. Dr. Brown had Mrs. Mathis undergo another xeromammogram which showed an area characteristic of malignancy. Subsequently, Mrs. Mathis had a right modified radical mastectomy.

On 13 September 1985, plaintiffs filed this action against Dr. May and his associates and alleged that they were negligent in relying on a false negative mammogram and in failing to perform further diagnostic tests to rule out the existence of a tumor as the source of Mrs. Mathis' breast lump. Defendants moved for summary judgment on the grounds that plaintiffs' action was barred by the statute of limitations.

In opposition to this motion plaintiffs filed the affidavit of Dr. Emerson Day, who had reviewed the medical records in this case. Dr. Day alleged that Dr. May failed to comply with the standard of care in that he overrelied on a negative mammogram and failed to follow up with Mrs. Mathis for a period of one year after his 15 May 1981 diagnosis.

The trial court found that the action was not commenced within the limitations period and that defendants were entitled to summary judgment. From this decision, plaintiffs appeal.

*Kenneth B. Oettinger and Grover C. McCain, Jr., attorneys for plaintiff-appellants.*

*Golding, Crews, Meekins & Gordon, by John G. Golding and Rodney Dean, attorneys for defendant-appellees.*

ORR, Judge.

Plaintiffs contend that the trial court erred in granting summary judgment, because the applicable statute of limitations had not expired prior to the filing of this action. We do not agree.

"A motion for summary judgment may be granted only when there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law." *Ballenger v. Crowell,*

38 N.C. App. 50, 53, 247 S.E. 2d 287, 290 (1978). The rule "allows quick and final disposition of claims where there is no real question as to whether plaintiff should recover, or where the defendant has established a complete defense." *Oakley v. Little*, 49 N.C. App. 650, 652, 272 S.E. 2d 370, 372 (1980). Here defendants had a complete defense under the statute of limitations.

The statute of limitations operates to vest a defendant with the right to rely on it as a defense and the court has no discretion in considering whether a claim is barred by it. *Congleton v. City of Asheboro*, 8 N.C. App. 571, 573, 174 S.E. 2d 870, 872, *cert. denied*, 277 N.C. 110, --- S.E. 2d --- (1970).

> Statutes of limitations are inflexible and unyielding. They operate inexorably without reference to the merits of plaintiff's cause of action. They are statutes of repose, intended to require that litigation be initiated within the prescribed time or not at all.

*Id.* at 573-74, 174 S.E. 2d at 872.

The applicable statute of limitations in this action is N.C.G.S. § 1-15(c) which states in part that:

> Except where otherwise provided by statute, a cause of action for malpractice arising out of the *performance of or failure to perform professional services* shall be deemed to accrue at the time of the *occurrence of the last act* of the defendant giving rise to the cause of action: Provided that whenever there is bodily injury to the person, economic or monetary loss, or a defect in or damage to property which originates under circumstances making the injury, loss, defect or damage not readily apparent to the claimant at the time of its origin, and the injury, loss, defect or damage is discovered or should reasonably be discovered by the claimant two or more years after the occurrence of the *last act* of the defendant giving rise to the cause of action, suit must be commenced within one year from the date discovery is made: Provided nothing herein shall be construed to reduce the statute of limitation in any such case below three years. Provided further, that in no event shall an action be commenced more than four years from the last act of the defendant giving rise to the cause of action . . . . (Emphasis added.)

N.C.G.S. § 1-15(c) establishes two instances in which medical malpractice can occur: (1) the performance of professional services; and (2) the failure to perform professional services. *Schneider v. Brunk*, 72 N.C. App. 560, 565, 324 S.E. 2d 922, 925 (1985). The statute further provides that for both actions and omissions the cause of action accrues and the statute of limitations begins to run at the time of defendant's *last act* giving rise to the cause of action.

N.C.G.S. § 1-15(c) provides an exception to the standard three year statute of limitations period for medical malpractice actions under N.C.G.S. § 1-52. It applies when an injury which is not readily apparent is discovered more than two years after defendant's last act which gave rise to the claim. *Flippin v. Jarrell*, 301 N.C. 108, 270 S.E. 2d 482 (1980), *reh'g denied*, 301 N.C. 727, 274 S.E. 2d 228 (1981). A plaintiff has one year from the date of discovery of the injury within which to bring an action, subject to an absolute or outer time limit of four years. "This outer time limit begins with the last act of the defendant giving rise to the cause of action." *Black v. Littlejohn*, 312 N.C. 626, 629, 325 S.E. 2d 469, 472 (1985).

In the case *sub judice*, Mrs. Mathis did not discover her injury until 18 October 1984, when the second mammogram was performed and more than two years after her last contact with Dr. May on 15 May 1981. Under the statute Mrs. Mathis had one year from the date of discovery to bring her malpractice action, subject to the outer limit of four years. Therefore, plaintiffs had from 18 October 1984 until 15 May 1985 to file a timely complaint. Since she did not file her complaint until 13 September 1985, her claim is barred by the statute of limitations.

Plaintiffs, however, contend that their complaint was, in fact, filed within the statutory period. They base this argument on Dr. Day's affidavit, which states that Dr. May had a continuing duty to treat and diagnose Mrs. Mathis for the entire one year period following his negative diagnosis. According to this theory Dr. May's last act occurred no earlier than 15 May 1982, so that plaintiffs had until 15 May 1986 in which to file their action. Since they filed their complaint on 13 September 1985, they argue that they have filed within the statutory period.

Although North Carolina has recognized the doctrine of a "continued course of treatment" to extend the statute of limitations, it has never applied the doctrine where there has been a continued course of non-treatment. The continued course of treatment doctrine "applies to situations in which the doctor continues a particular course of treatment over a period of time. . . . '[W]here the injurious consequences arise from a continuing course of *negligent* treatment . . . the statute does not ordinarily begin to run until the injurious treatment is terminated. . . . The malpractice in such cases is regarded as a continuing tort because of the persistence of the physician or surgeon in continuing and repeating the *wrongful* treatment.' " *Ballenger v. Crowell*, 38 N.C. App. at 58, 247 S.E. 2d at 293 (emphasis supplied and citation omitted).

In the case at bar, however, the relationship between Mrs. Mathis and Dr. May terminated on 15 May 1981, when he informed her by letter that no malignancy existed. After this date there was no further contact between Mrs. Mathis and Dr. May and nothing occurred which could be called a "last act" under the statute. The act for which Dr. May was hired, the diagnosis of a breast mass, was completed upon the rendering of a negative diagnosis and there were no further opportunities for Dr. May to detect Mrs. Mathis' condition. If, as alleged, Dr. May was negligent in either misdiagnosing Mrs. Mathis' condition or in failing to order a course of follow-up treatment, that negligence occurred on 15 May 1981 and at no later time.

Although N.C.G.S. § 1-15(c) extends the limitations period where the discovery of an injury is delayed, this extension was not intended to defeat the outer time limit of four years from the defendant's last act. In *Black v. Littlejohn*, 312 N.C. 626, 325 S.E. 2d 469, the Court stated:

> When the discovery rule within G.S. § 1-15(c) was coupled with an outer limit from the last act of defendant giving rise to the cause of action, the legislature wisely effectuated a compromise to balance the needs of the malpractice victims and those of health care providers and insurers.

312 N.C. at 637, 325 S.E. 2d at 477.

The present action accrued on 15 May 1981, the day Dr. May informed Mrs. Mathis by letter that there was no malignancy. Plaintiffs had an outside limit of four years, or until 15 May 1985, in which to file an action for malpractice. Since plaintiffs did not file their claim until 13 September 1985, they failed to file within the prescribed limitations period and thus their claim is barred. Therefore, the trial court's decision to grant summary judgment is affirmed.

Affirmed.

Judges ARNOLD and WELLS concur.