MARY JO OSBORNE AND JOHN OSBORNE, PLAINTIFF v. G. B. WALTON, JR., M.D., AND COLUMBUS COUNTY HOSPITAL, INC., DEFENDANTS

No. 9213SC28

(Filed 6 July 1993)

1. **Rules of Civil Procedure § 3 (NCI3d)— extension of time to file complaint—failure to file timely answer—complaint abated**

   Where plaintiffs filed an application for an extension of time within which to file a complaint against defendants, and the application was granted, but plaintiffs failed to file their complaint until twenty-one days past the date specified in the order granting the extension, plaintiffs' action abated; the action could only be revived by commencing a new action; but such action was barred in this case by the three-year statute of limitations. N.C.G.S. § 1A-1, Rule 3.

   **Am Jur 2d, Limitation of Actions §§ 301-318.**

2. **Rules of Civil Procedure § 3 (NCI3d); Limitations, Repose, and Laches § 139 (NCI4th)— complaint—new action—action barred by statute of limitations**

   Even if the trial court had the discretion to extend the time for the filing of a complaint, the action would have to be deemed a new action since the old one had abated, and the new action would be barred by the statute of limitations.

   **Am Jur 2d, Limitation of Actions §§ 301-318.**

   Appeal by plaintiffs from an order entered in open court on 30 September 1991 and signed on 4 October 1991 by Judge B. Craig Ellis in Columbus County Superior Court. Heard in the Court of Appeals 9 December 1992.

   On 17 May 1991, plaintiffs filed an application for an extension of time within which to file a complaint against defendants in Columbus County Superior Court. The Assistant Clerk of Court granted this application by issuing an order extending plaintiffs' time to file their complaint against defendants to and including 6 June 1991. Additionally, on 17 May 1991, the Assistant Clerk issued a summons to be served upon defendants.

   On 22 May 1991, defendant Columbus County Hospital (the "Hospital") was served with the summons directed to Ralph Rogers,

OSBORNE v. WALTON

[110 N.C. App. 850 (1993)]

Administrator, and a copy of the order extending plaintiffs' time to file a complaint. Defendant G. B. Walton, Jr., M.D. was also served personally with the summons directed to him and a copy of the order. On 17 June 1991, the registered agent of the Hospital received a duplicate summons and copy of the order by certified mail.

On 27 June 1991, plaintiffs filed their complaint seeking damages for medical malpractice and loss of consortium. Additionally, on 27 June 1991, Dr. Walton accepted service of the complaint personally, and Ralph Rogers accepted the complaint against the Hospital signing as the administrator. On 5 August 1991, the Hospital's registered agent received a copy of plaintiffs' complaint by certified mail.

On 9 July 1991, the Hospital filed a motion to dismiss this action pursuant to Rule 12(b) of the North Carolina Rules of Civil Procedure based on lack of jurisdiction, insufficient service of process, and the contention that the action abated pursuant to Rule 3 of the North Carolina Rules of Civil Procedure. The insufficient service of process allegation was based on the contention that Ralph Rogers was not the administrator of the Hospital on 27 June 1991 and that he was not, therefore, the person upon whom service could be properly made.

On 15 July 1991, Dr. Walton filed a motion for extension of time to file his answer, which was granted. On 17 July 1991, Dr. Walton filed an answer and motion to dismiss. In his answer, Dr. Walton denied plaintiffs' claims and asserted that the applicable statute of limitations barred the action.

On 30 September 1991, plaintiffs filed a motion to the court to allow plaintiffs additional time to file their complaint based on the assertion that the late filing of their complaint was the fault of their attorney and his office staff and not due to any fault of the plaintiffs and on the assertion that a trial judge may extend the time to file the complaint in his discretion. On 30 September 1991, Judge B. Craig Ellis entered an order in open court, which was reduced to writing and signed on 4 October 1991, finding that the action had abated pursuant to Rule 3 of the North Carolina Rules of Civil Procedure and that there were no discretionary matters for the trial court to consider. Based on these findings, the trial court granted defendants' motion to dismiss. From this order, plaintiffs appeal.

OSBORNE v. WALTON

[110 N.C. App. 850 (1993)]

*Bailey & Dixon, by Dorothy V. Kibler and Steven M. Fisher; and Britt & Britt, by William S. Britt, for plaintiff-appellants.*

*Harris, Shields and Creech, P.A., by Thomas E. Harris, C. David Creech and Robert S. Shields, Jr., for defendant-appellee G. B. Walton, Jr., M.D.*

*Marshall, Williams & Gorham, by Lonnie B. Williams, for defendant-appellee Columbus County Hospital, Inc.*

ORR, Judge.

**[1]** Plaintiffs do not dispute that the action abated pursuant to Rule 3 of the North Carolina Rules of Civil Procedure; instead, they argue that the trial court had the discretionary power to extend the time in which to file their complaint pursuant to Rule 6(b) of the North Carolina Rules of Civil Procedure. Based on the specific facts of this case, we disagree.

Rule 3, "Commencement of action", of the North Carolina Rules of Civil Procedure states:

(a) A civil action is commenced by filing a complaint with the court. The clerk shall enter the date of filing on the original complaint, and such entry shall be prima facie evidence of the date of filing.

A civil action may also be commenced by the issuance of a summons when

(1) A person makes application to the court stating the nature and purpose of his action and requesting permission to file his complaint within 20 days and

(2) The court makes an order stating the nature and purpose of the action and granting the requested permission.

The summons and the court's order shall be served in accordance with the provisions of Rule 4. When the complaint is filed it shall be served in accordance with the provisions of Rule 4 or by registered mail if the plaintiff so elects. If the complaint is not filed within the period specified in the clerk's order, the action shall abate.

Thus, under Rule 3, the plaintiffs' action in the case *sub judice* originally commenced on 17 May 1991 when plaintiffs made an

application to the court stating the nature and purpose of the action and requesting permission to file their complaint within twenty days and the court made an order stating the nature and purpose of the action and granting their request. The court's order of 17 May 1991 extended plaintiffs' time in which to file their complaint up to and including 6 June 1991. Plaintiffs filed their complaint on 27 June 1991, twenty-one days past the date specified in the court's order. Subsequently, based on the specific language of Rule 3, when plaintiffs failed to file their complaint on or before 6 June 1991, their action abated.

"As used in reference to actions at law, [the] word abate means that action is utterly dead and cannot be revived except by commencing a new action." Black's Law Dictionary, 16 (Revised 4th ed. 1968); *See also, Roshelli v. Sperry*, 57 N.C. App. 305, 308, 291 S.E.2d 355, 357 (1982) (after action abated upon failure to timely issue a proper summons, it was revived upon the issuance and service of summons on defendant, and this Court stated, "the effect of the second summons . . . was to revive and commence a *new* action on the date of [the issuance of the second summons]." (Emphasis added.) ). We find no merit to plaintiffs' argument that an abated action remains "dormant" so that a new action is not needed to revive it.

When plaintiffs failed to file their action on or before 6 June 1991, and the action abated on 7 June 1991, at that time, based on our review of the record, the applicable statute of limitations had run. Normally, the applicable statute of limitations in a medical malpractice action is three years. N.C. Gen. Stat. § 1-52; *See also, Mathis v. May*, 86 N.C. App. 436, 439, 358 S.E.2d 94, 96, *disc. review denied*, 320 N.C. 794, 361 S.E.2d 78 (1987). This period begins to run at the time of defendant's last act giving rise to the cause of action. N.C. Gen. Stat. § 1-15; *Mathis, supra*. An exception to the standard three-year statute of limitations applies when an injury that is not readily apparent is discovered more than two years after defendant's last act which gave rise to the claim. N.C. Gen. Stat. § 1-15; *Mathis*, 86 N.C. App. at 439, 358 S.E.2d at 96-97.

In the present case, the exception to the normal three-year statute of limitations does not apply, and defendants' last act giving rise to the action occurred on 18 May 1988. In their complaint, plaintiffs alleged that on 18 May 1988, defendant Walton negligent-

ly failed to diagnose plaintiff Mary Jo Osborne as having lung cancer after conducting x-rays of her chest. The complaint stated:

> Plaintiff was told by Dr. Joyner [plaintiffs' family physician] that "according to Dr. Walton, the lungs were clear and the x-rays were fine" and diagnosed her as having a cold or pleurisy. That after, the Plaintiff began to have frequent colds and pain in her lungs where she was referred to various physicians who diagnosed her as having lung cancer. That subsequently, Plaintiff has had to undergo surgery for the lung cancer in an attempt to stop the spread and growth of it.

According to an affidavit contained in the record which plaintiffs submitted, Mary Jo Osborne's condition was diagnosed in January 1990, and she began treatment. Thus, as already stated, plaintiffs' action does not fall under the exception to the three-year statute of limitations set out in N.C. Gen. Stat. § 1-15, and defendant Walton's last act which triggers the applicable three-year statute of limitations occurred on 18 May 1988. Thus plaintiffs had until 18 May 1991 to file this action under the statute, and they acted in accord with this requirement.

On 17 May 1991, as previously noted, plaintiffs filed for an extension of time to file their complaint which the court granted, extending the time for filing to and including 6 June 1991. Plaintiffs did not file their complaint until 27 June 1991. When plaintiffs failed to file their complaint before the extension of time expired, their action abated, and the three-year statute of limitations had run.

[2]   Plaintiffs now argue on appeal that the trial court could extend their time in which to file their complaint to and including 27 June 1991 under N.C.R. Civ. P. 6(b) thus reviving the original action and avoiding the statute of limitations. Our Supreme Court has held that "Rule 6(b) grants our trial courts broad authority to extend any time period specified in any of the Rules of Civil Procedure for the doing of any act, after expiration of such specified time, upon a finding of 'excusable neglect.' " *Lemons v. Old Hickory Council, Boy Scouts of America, Inc.*, 322 N.C. 271, 276, 367 S.E.2d 655, 658 (1988). However, "the statute of limitations operates to vest a defendant with the right to rely on the statute of limitations as a defense", and "[i]t is clear that a judge may not, in his discretion, interfere with the vested rights of a party where pleadings

are concerned." *Congleton v. City of Asheboro*, 8 N.C. App. 571, 573, 174 S.E.2d 870, 872 (1970) (citations omitted).

Thus, based on *Lemons*, it would appear that the trial court was incorrect in saying that it had no discretion to extend the time for the filing of a complaint. However, even if the trial court had properly extended the time, based on the authority previously cited, the action would have to be deemed a new action since the old one had abated. Even under that circumstance, the statute of limitations would still have run, and the trial court properly dismissed the action.

We find no prejudicial error and affirm the trial court.

Affirmed.

Chief Judge ARNOLD and Judge JOHNSON concur.