IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-595

Filed 19 March 2024

Guilford County, No. 20CVS7857

THOMAS A. WARREN, Individually and as Personal Representative of the ESTATE OF THOMAS E. WARREN, JR., EVELYN WARREN, and ROSALIND REGINA PLATT, Plaintiffs,

v.

SNOWSHOE LTC GROUP, LLC, MMDS OF NORTH CAROLINA, INC., DR. KARRAR HUSSAIN, M.D., EAGLE INTERNAL MEDICINE AT TANNENBAUM, and DR. RICHARD LYNCH, D.O., Defendants.

On remand from the Supreme Court of North Carolina by Order dated 13 December 2023. Appeal by Plaintiffs from order entered 22 February 2022 by Judge John O. Craig, III, in Guilford County Superior Court. Originally heard in the Court of Appeals 11 January 2023 with order dismissing the appeal issued 11 January 2023.

*Hatcher Legal, PLLC, by Nichole M. Hatcher, for Plaintiff-Appellants.*

*Bovis Kyle Burch & Medlin, by Brian H. Alligood, for Defendant-Appellee Snowshoe LTC Group, LLC.*

*Cranfill Sumner LLP, by Steven A. Bader and Samuel H. Poole, Jr., for Defendant-Appellee Lynch.*

HAMPSON, Judge.

**Factual and Procedural Background**

Thomas A. Warren, individually and as personal representative of the Estate of Thomas E. Warren, Jr., Evelyn Warren, and Rosalind Regina Platt (Plaintiffs) appeal from an Order dismissing their Complaint against Snowshoe LTC Group, LLC (Snowshoe), MMDS of North Carolina, Inc., Dr. Karrar Hussain, M.D., Eagle Internal Medicine at Tannenbaum, and Dr. Richard Lynch, D.O. (Lynch) (collectively Defendants) under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure for failure to state a claim for which relief may be granted.

As an initial matter, on 6 October 2022, Defendant Lynch filed a Motion to Dismiss Plaintiffs' Appeal citing numerous violations of the North Carolina Rules of Appellate Procedure contending the rules violations in totality constituted gross and substantial violations of the Rules of Appellate Procedure. We agreed with Plaintiffs' position and determined, consistent with *Dogwood Development and Management Company v. White Oak Transportation Company*, 362 N.C. 191, 200-01, 657 S.E.2d 361, 367 (2008), that dismissal was the appropriate sanction given the nature and number of the rules violations, the resulting frustration of adversarial process, and the impairment of our ability to substantively review this case. We allowed Defendant's Motion to Dismiss Plaintiff's Appeal by Order dated 11 January 2023.

Plaintiff sought *en banc* review by this Court of our Order dismissing the appeal. This Court—with no judges voting to allow—denied *en banc* review on 13 February 2023. Plaintiffs filed a Petition for Discretionary Review of our Order dismissing the appeal. On 13 December 2023, the Supreme Court issued an Order

allowing discretionary review for the limited purpose of vacating our prior Order and remanding for consideration of whether another sanction other than dismissal is appropriate.

Plaintiffs' appellate rules violations in this case begin with the failure to properly designate the Order being appealed in their notice of appeal compounded by their failure to include a statement of grounds for appellate review in their brief. The adversarial process and our appellate review are further hampered by, among other things: Plaintiffs' substantial failure to include record citations in briefing; failure to include a non-argumentative statement of facts; and various failings in properly compiling or timely settling the Record on Appeal. Indeed, it is not even clear Plaintiffs' notice of appeal of the Order that Plaintiffs actually seek to challenge was ever timely or timely prosecuted. We remain convinced the scale and scope of the violations of our Appellate Rules more than justify dismissal of the appeal. Considering the circumstances of this case, no other sanction is warranted or appropriate.

However, given the length of time this case has now been pending in our appellate courts and in the interest of finally resolving this appeal for the benefit of all parties involved, in the exercise of our discretion we invoke Rule 2 of the Appellate Rules to suspend operation of our rules and treat Plaintiffs' appeal as a Petition for Writ of Certiorari. It is fundamental that "a writ of certiorari should issue only if the petitioner can show 'merit or that error was probably committed below.' " *Cryan v.*

*Nat'l Council of Young Men's Christian Associations of United States*, 384 N.C. 569, 572, 887 S.E.2d 848, 851 (2023) (quoting *State v. Ricks*, 378 N.C. 737, 741, 862 S.E.2d 835, 839 (2021)).  We, therefore, examine the dispositive issue argued by Plaintiffs on appeal to determine whether review by *certiorari* is merited.  The Record before us tends to reflect the following:

On 21 October 2020, Plaintiffs filed a Complaint against Defendants alleging the wrongful death of their decedent on 18 November 2015—and ancillary claims— arising from Defendants' alleged medical malpractice.  The same day, Plaintiffs filed a Motion for Extension of Time Under N.C. Gen. Stat. § 1A-1, Rule 6(b) alleging the Complaint in this case constituted a re-filing of a previously filed suit which had been voluntarily dismissed without prejudice on 16 September 2019.  The Motion for Extension requested the one-year time period to re-file the previous suit under Rule 41(a)(1) be retroactively extended to permit the filing of the Complaint in this case.  The Motion for Extension alleged Plaintiffs' delayed filing of the Complaint was the result of excusable neglect.  Defendants Snowshoe and Lynch filed Motions to Dismiss Plaintiff's Complaint.[1]

On 10 March 2021, the trial court entered an Order which included the following unchallenged Findings of Fact:

> 1.  The instant action is a renewal of a lawsuit previously filed by the same Plaintiffs on November 21, 2017 . . . . Plaintiffs filed a

---

[1] It appears the remaining Defendants did not appear in this action because they were never served with the Summons and Complaint.

voluntary dismissal of that lawsuit, without prejudice, on September 16, 2019.

2. Plaintiffs' decedent . . . whose death is the subject of Plaintiffs' initial and current wrongful death actions, died on November 18, 2015.

3. The instant lawsuit was commenced by Plaintiffs' filing of their complaint on October 21, 2020.

Based on these Findings of Fact, the trial court concluded:

1. Rule 41(a)(1) of the North Carolina Rules of Civil Procedure allows a Plaintiff to dismiss an action without prejudice. Provided the initial action was timely filed, the same Rule permits a Plaintiff to file a new action based on the same claims within one year after the dismissal.

2. Plaintiffs' complaint in this action was filed outside of the one year renewal period, as was Plaintiffs' motion for extension of time to refile complaint.

3. Because the complaint was untimely filed, Plaintiffs' wrongful death action is barred by the applicable two-year statute of limitations.

4. Where, as here, a complaint shows on its face that it is barred by the statute of limitations, dismissal under Rule 12(b)(6) is appropriate.

5. Because the complaint was untimely refiled, it must be dismissed as a matter of law.

As a result of its Findings of Fact and Conclusions of Law, the trial court denied Plaintiffs' motion to extend the time to file its complaint, allowed Defendants' Motion to Dismiss, and dismissed the action with prejudice. On 22 February 2022, the trial court entered an order amending clerical errors in its 10 March 2021 Order

dismissing Plaintiffs' Complaint with prejudice. On 2 March 2022, Plaintiffs filed Notice of Appeal, which designated only the order entered 22 February 2022 amending the 10 March 2021 Order.

## Issue

The dispositive issue on appeal is whether the trial court erred in denying Plaintiffs' Motion for Extension of Time to file the Complaint under Rule 6(b) and dismissing the Complaint where the Complaint was filed after the expiration of the one-year re-filing period provided by Rule 41(a)(1) of the North Carolina Rules of Civil Procedure and after the expiration of the statute of limitations.

## Analysis

Plaintiffs argue the trial court abused its discretion in denying their Motion for Extension of Time under Rule 6(b) of the North Carolina Rules of Civil Procedure to file their Complaint after the expiration of the one-year period provided by Rule 41(a)(1) for re-filing of a lawsuit voluntarily dismissed without prejudice. Plaintiffs contend the trial court should have allowed the motion for extension of time upon a showing of excusable neglect and deemed their belated Complaint timely filed.

Rule 6(b) provides in relevant part:

> (b) Enlargement.--When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order. *Upon motion made after the expiration of the*

*specified period, the judge may permit the act to be done where the failure to act was the result of excusable neglect.*

N.C. Gen. Stat. § 1A-1, Rule 6(b) (2023) (emphasis added).

"Rule 6(b) grants our trial courts broad authority to extend any time period specified in any of the Rules of Civil Procedure for the doing of any act, after expiration of such specified time, upon a finding of 'excusable neglect.' " *Lemons v. Old Hickory Council, Boy Scouts of America, Inc.*, 322 N.C. 271, 276, 367 S.E.2d 655, 658 (1988). "As an initial matter, the only time periods that may be extended based upon the authority available pursuant to N.C. Gen. Stat. § 1A–1, Rule 6(b), are those established by the North Carolina Rules of Civil Procedure." *Glynne v. Wilson Med. Ctr.*, 236 N.C. App. 42, 52, 762 S.E.2d 645, 651-52 (2014) (citing *Chicora Country Club, Inc. v. Town of Erwin*, 128 N.C. App. 101, 108, 493 S.E.2d 797, 801 (1997)).

However, our Courts recognize Rule 6(b) does not permit a trial court to extend a statute of limitations. *See id.* This is so, at least in part, because " 'the statute of limitations operates to vest a defendant with the right to rely on the statute of limitations as a defense', and '[i]t is clear that a judge may not, in his discretion, interfere with the vested rights of a party where pleadings are concerned.' " *Osborne v. Walton*, 110 N.C. App. 850, 854–55, 431 S.E.2d 496, 499 (1993) (quoting *Congleton v. City of Asheboro*, 8 N.C. App. 571, 573, 174 S.E.2d 870, 872 (1970)). "Statutes of limitations are inflexible and unyielding. They operate inexorably without reference to the merits of plaintiff's cause of action. They are statutes of repose, intended to

require that litigation be initiated within the prescribed time or not at all." *Shearin v. Lloyd*, 246 N.C. 363, 370, 98 S.E.2d 508, 514 (1957) (superseded by statute, N.C. Gen. Stat. § 1-15(b) (1971), on other grounds as recognized in *Black v. Littlejohn,* 312 N.C. 626, 630-31, 325 S.E.2d 469, 473 (1985)).

For example, in *Glynne,* we observed a trial court had no authority to extend the time for filing state court complaint under Rule 6(b) after the tolling provisions of a federal statute expired and the statute of limitations had run. *Glynne*, 236 N.C. App. at 52, 762 S.E.2d at 651. Similarly, in *Osborne*, this Court concluded Rule 6(b) could not be applied to extend a statute of limitations where an action abated following the expiration of time to file a complaint after issuance of a summons under N.C.R. Civ. P. 3(a)(1)-(2). *Osborne*, 110 N.C. App. at 855, 431 S.E.2d at 499.

We have also held "that trial courts do not have discretion pursuant to Rule 6(b) to prevent a discontinuance of an action under Rule 4(e) when there is neither endorsement of the original summons nor issuance of alias or pluries summons within ninety days after issuance of the last preceding summons." *Locklear v. Scotland Mem'l Hosp., Inc.*, 119 N.C. App. 245, 247–48, 457 S.E.2d 764, 766 (1995) (citing *Dozier v. Crandall*, 105 N.C. App. 74, 78, 411 S.E.2d 635, 638 (1992). In *Locklear*, this Court recognized, following discontinuance of the action: "Any subsequent issuance of a summons in the case would have resulted in the commencement of an entirely new action from the date the summons was issued, more than one year after

the date on which plaintiffs took a voluntary dismissal and otherwise outside of the statutory limitations period." *Id.* at 248, 457 S.E.2d at 766.

In this case, like our Court in *Osborne*, even if we construed Rule 6(b) as providing authority to extend the one-year savings provision provided by N.C.R. Civ. P. 41(a), Rule 6(b) cannot apply to extend an otherwise expired statute of limitations. *See Osborne*, 110 N.C. App. at 855, 431 S.E.2d at 499. Here, Plaintiffs make no argument that—absent the savings provision of Rule 41(a)—the statute of limitations on their claims arising from Plaintiffs' decedent's 2015 death had not expired by the time they filed their 2020 Complaint. As in *Locklear*: "Any subsequent issuance of a summons in the case would have resulted in the commencement of an entirely new action from the date the summons was issued, more than one year after the date on which plaintiffs took a voluntary dismissal and otherwise outside of the statutory limitations period." 119 N.C. App at 248, 457 S.E.2d at 766. Upon expiration of the one-year savings provision, Defendants' right to rely on the statute of limitations defense vested. *See Osborne* 110 N.C. App. at 854–55, 431 S.E.2d at 499.

Plaintiff's Complaint was filed more than one year after the date on which Plaintiffs took a voluntary dismissal and after the expiration of the applicable statute of limitations. Plaintiff's action is barred by the statute of limitations. *Id.* Therefore, even if the trial court had authority under Rule 6(b) to extend the one-year timeframe for re-filing a complaint following a voluntary dismissal, any extension would have been futile following expiration of the statute of limitations. *Id.* Consequently,

Plaintiffs have failed to show any merit in their appeal of the trial court's dismissal of this action pursuant to Rule 12(b)(6).

## **Conclusion**

Accordingly, for the foregoing reasons, we conclude Plaintiffs arguments on appeal are without sufficient merit to justify further review by *certiorari* and dismiss the appeal.

APPEAL DISMISSED.

Chief Judge DILLON and Judge TYSON concur.