DOROTHY LITTLE CONGLETON v. CITY OF ASHEBORO AND CAROLINA POWER AND LIGHT COMPANY

No. 7019SC268

(Filed 24 June 1970)

**1. Pleadings § 1— filing of complaint — extension of time**
     Clerk of court had no authority to grant an extension of time for filing complaint beyond 20 days, and his order for an extension of 21 days was of no effect. G.S. 1-121.

**2. Limitation of Actions § 1— discretion of court**

The court has no discretion when considering whether a claim is barred by the statute of limitations; consequently, trial court did not err in refusing to enter a *nunc pro tunc* order which would have allowed plaintiff to bring his claim within the period of limitations.

**3. Limitation of Actions § 12— computation of period of limitation — extension of time to file complaint**

Where plaintiff fails to comply with the statutory provisions relating to extension of time to file complaint, the date the complaint was filed and not the date of issuance of summons must be used in determining whether the statute of limitations is applicable.

APPEAL by plaintiff from *Kivett, J.,* 11 February 1970 Session of RANDOLPH County Superior Court.

Plaintiff was allegedly injured on 30 November 1966 as the result of defendants' negligence. Plaintiff filed summons on 28 November 1969, with a request for an extension of time, to 19 December 1969, within which to file her complaint, which request was granted by the Clerk of the Randolph County Superior Court. Plaintiff verified and filed her complaint on 19 December 1969. Both defendants moved to dismiss the action and for summary judgment on the grounds that the extension order was for a period of 21 days and of no effect, since the maximum period permitted under G.S. 1-121 was 20 days and that the plaintiff's claim was barred by the three-year statute of limitations of G.S. 1-15, 1-46 and 1-52. Plaintiff in turn moved the court to enter an order *nunc pro tunc* to change the date of the extension order and the complaint verification from 19 December 1969 to 18 December 1969. The plaintiff submitted affidavits from her attorney, her attorney's secretary and the Clerk of the Superior Court of Randolph County, all acknowledging that the insertion of the date 19 December 1969 was a clerical error and a mistake and that the date should have been 18 December 1969. The court denied plaintiff's motion and granted the defendants' motions to dismiss and for summary judgment, finding that the extension order was of no effect because contrary to the provisions of G.S. 1-121 and that the plaintiff's claim was barred by the statute of limitations.

*Ottway Burton for plaintiff appellant.*

*Sherwood H. Smith, Jr., and Archie L. Smith for defendant appellee, Carolina Power and Light Company.*

*G. E. Miller for defendant appellee, City of Asheboro.*

MORRIS, J.

**[1, 2]**  The only question before us is whether plaintiff's claim has been barred by the statute of limitations, as defendants contend it is. From the record it appears that the summons was issued and the request for extension of time within which to file a complaint was requested within the time limited by the three-year statute of limitations. However, whatever the reason, the extension granted was for a period of 21 days and was in violation of G.S. 1-121, which was in effect until repealed effective 1 January 1970 and which provided for a maximum extension of 20 days. The clerk was without authority to grant an extension for more than 20 days and his order for an extension of 21 days was of no effect. See *Deanes v. Clark*, 261 N.C. 467, 135 S.E. 2d 6 (1964). Plaintiff argues that the matter is still within the discretion of the trial court and that he abused that discretion in failing to enter a *nunc pro tunc* order which would have brought plaintiff's claim within the period of the statute of limitations. We are of the opinion that the court has no discretion when considering whether a claim is barred by the statute of limitations. It is clear that a judge may not, in his discretion, interfere with the vested rights of a party where pleadings are concerned. *Highway Commission v. Hemphill*, 269 N.C. 535, 153 S.E. 2d 22 (1967). It is equally clear that the statute of limitations operates to vest a defendant with the right to rely on the statute of limitations as a defense. *Wilkes County v. Forester*, 204 N.C. 163, 167 S.E. 691 (1933).

**[3]**  Therefore, the crucial question is what date should be used to determine whether plaintiff's claim is barred, the date summons was issued or the date the complaint was filed. The complaint was verified and filed on 19 December 1969, more than 20 days from the issuance of summons and one day more than the statutory maximum permitted. Where plaintiff fails to comply with the statutory provisions relating to such extensions, the date the complaint was filed must be used in determining whether the statute of limitations is applicable. See *Roberts v. Bottling Co.*, 257 N.C. 656, 127 S.E. 2d 236 (1962). The complaint was filed after the statute of limitations had run and plaintiff's claim is barred thereby.

In *Shearin v. Lloyd*, 246 N.C. 363, 98 S.E. 2d 508 (1957), Bobbitt, J. (now C.J.), said in speaking for the Court:

> "Statutes of limitations are inflexible and unyielding. They operate inexorably without reference to the merits of plaintiff's cause of action. They are statutes of repose, intended to require

that litigation be initiated within the prescribed time or not at all."

"The purpose of a statute of limitations is to afford security against stale demands, not to deprive anyone of his just rights by lapse of time. *Butler v. Bell*, 181 N.C. 85, 106 S.E. 217. In some instances, it may operate. to bar the maintenance of meritorious causes of action. When confronted with such a cause, the urge is strong to write into the statute exceptions that do not appear therein. In such case, we must bear in mind Lord Campbell's caution: 'Hard cases must not make bad laws.' "

Affirmed.

MALLARD, C.J., and GRAHAM, J., concur.