ROBERT B. ROACH AND WIFE, MILDRED LOUISE ROACH v. CITY OF LENOIR

No. 7925DC436

(Filed 15 January 1980)

1. **Rules of Civil Procedure § 56— motion for judgment on pleadings—consideration of outside evidence—treatment as summary judgment motion**

   A motion to dismiss under G.S. 1A-1, Rule 12(b)(6) should be treated as a motion for summary judgment under G.S. 1A-1, Rule 56 where the court considers matters outside the pleadings.

2. **Municipal Corporations § 21— maintenance of sewer system—governmental immunity**

   A municipality's maintenance of a public sewer system is a governmental function, and the municipality is not liable for damages resulting from negligence in the maintenance of its sewer system unless it has expressly waived its immunity pursuant to G.S. 160A-485.

3. **Municipal Corporations § 21— maintenance of sewer system—waiver of governmental immunity—inadequacy of record**

   In this action to recover damages allegedly resulting from defendant municipality's negligence in the maintenance of its sewer system, the entry of summary judgment for defendant on the ground it had not waived its governmental immunity is reversed and the cause is remanded where the record is inadequate to permit a determination as to whether defendant has waived its immunity.

APPEAL by plaintiffs from *Crotty, Judge.* Order entered 26 March 1979 in District Court, CALDWELL County. Heard in the Court of Appeals 6 December 1979.

Plaintiffs filed complaint on 15 November 1978 alleging that defendant was a municipal corporation which owned and maintained a sewer system, that they owned and maintained a residence within defendant's boundaries which was connected to defendant's sewer system, and that on 17 June 1977 "sewage from Defendant's sewage system backed up through the connecting sewer pipe and into the home of the Plaintiffs, destroying and damaging personal property of the Plaintiffs and rendering the home unfit for habitation." Plaintiffs further alleged that defendant had been "careless and negligent in the operation of its sewer system" in that it had permitted the sewer line to become clogged, it had permitted other users to clog the lines, and had failed to make reasonable inspection of the lines. Plaintiffs alleged that the defendant had had knowledge of the clogged line "but

negligently and carelessly failed to correct it." Plaintiffs charged that defendant's "careless and wrongful acts" had caused their damage, that defendant had received and rejected their claim for damages, and that they should recover $3,500 damages from defendant.

Defendant moved to dismiss the complaint for failure to state a claim.

A hearing was held and an order was entered allowing the motion to dismiss. The judge found that the defendant had been performing a govermental function in the maintenance of the sewer system, that defendant therefore had governmental immunity against plaintiffs' claims, and that defendant had not waived its immunity. Plaintiffs appealed.

*Mitchell, Telle, Blackwell & Mitchell, by Marcus W. H. Mitchell, Jr., for the plaintiff.*

*Carpenter & Bost, by J. Bradley Wilson, for the defendant.*

MARTIN (Robert M.), Judge.

[1] Defendant moved to dismiss plaintiffs' action under G.S. 1A-1, Rule 12(b)(6). The trial court entered its order granting defendant's motion based upon ". . . the pleadings, citations of law, arguments of counsel and other evidence . . ." Because matters outside the pleadings were considered by the court in reaching its decision, the motion should be treated as a motion for summary judgment and disposed of in the manner and on the conditions stated in G.S. 1A-1, Rule 56. *Kessing v. National Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971).

Having converted defendant's Rule 12(b)(6) motion into a Rule 56 motion for summary judgment, the question on appeal is whether there is a genuine issue as to any material fact. *Fowler v. Williamson*, 39 N.C. App. 715, 251 S.E. 2d 889 (1979). The trial court in its order refers to "other evidence" outside of the allegations in the complaint which it considered in determining that there was no genuine issue of material fact and that as a matter of law:

(3) The Defendant, City of Lenoir, had not waived said governmental immunity pursuant to N.C.G.S. 160A-485.

The record on appeal, however, does not contain any of the evidence relied upon by the trial court in support of its conclusion. The record on appeal contains only the bare complaint and no other pleading, deposition, affidavit or testimony. Furthermore, the complaint makes no mention of whether governmental immunity exists or is waived.

[3] We do not intimate that in the form the controversy took in the District Court that the court lacked justification for its conclusion. Nevertheless, because of the inadequacy of the record to decide the factual and legal issues involved in governmental immunity, this Court is unable to determine whether there is any genuine issue of material fact and whether summary judgment was properly granted on the evidence before the trial court. *See Kennedy v. Silas Mason Co.*, 334 U.S. 249, 92 L.Ed. 1347, 68 S.Ct. 1031 (1948).

Had it been evident from the record that there was no waiver of governmental immunity by defendant, then it is clear plaintiffs could not prevail on their claim for the following reasons.

[2] The establishment and construction of a sewer system by a municipality are governmental functions entitling it to immunity from negligence. *Metz v. Asheville*, 150 N.C. 748, 64 S.E. 881 (1909). Plaintiffs concede in their brief that ". . . the maintenance of a public sewerage system is a governmental function," citing *Metz v. Asheville, supra.* Plaintiffs argue that even if the doctrine of governmental immunity is applicable, property damages are recoverable, relying on *Rhyne v. Mount Holly*, 251 N.C. 521, 112 S.E. 2d 40 (1960). We do not agree. The case *sub judice* is distinguishable since plaintiffs neither allege facts sufficient to support a nuisance claim nor is their claim based on a theory of nuisance. Thus, the City of Lenoir, while performing a governmental function in the maintenance of a sewer system within its municipal jurisdiction, may not be held liable for any damage arising out of the governmental activity unless it expressly waives its immunity pursuant to N.C. Gen. Stat. § 160A-485.

[3] As stated above, because of the inadequacy of the record, the Court is unable to review the grant of summary judgment on the issue of waiver. Hence we vacate the judgment below and remand the case to the district court for amplification of the record in light of this opinion.

Reversed and remanded.

Judges HEDRICK and WELLS concur.