FLOSSIE S. CALLAHAN v. H. R. ROGERS

No. 8729SC340

(Filed 15 March 1988)

**Physicians, Surgeons, and Allied Professions § 13— malpractice—continued course of treatment exception—action timely**

Where defendant doctor operated on plaintiff on 22 January 1981, continued to provide treatment for plaintiff following surgery, discussed with her postoperative pain, performed a fluoroscope examination on 24 June 1981, and discussed results of that examination with her, plaintiff's action for medical malpractice filed on 18 June 1984 was filed within the three-year statute of limitations pursuant to the continued course of treatment exception. N.C.G.S. § 1-15(c).

APPEAL by plaintiff from *Kirby, Robert W., Judge*. Judgment entered 12 January 1987 in Superior Court, RUTHERFORD County. Heard in the Court of Appeals 21 October 1987.

This is a civil action for damages for medical malpractice. On 18 June 1984, plaintiff filed a pro se complaint in this action, alleging medical negligence in surgical procedure and post-operative care by defendant doctor. Plaintiff's complaint alleged that on 21 January 1981, defendant Rogers undertook the medical care of plaintiff for pain in her left groin and for other symptoms; that on 22 January 1981 defendant doctor operated on plaintiff's hip and performed a Gilberty II total hip arthroplasty (plastic surgery of a joint); that thereafter plaintiff developed complications in the hip requiring another operation on the hip by another physician; that defendant was negligent in using an improper surgical procedure to repair the subcapital fracture of plaintiff's femoral neck

fracture in her left hip; that defendant failed to take timely medical steps to correct plaintiff's postoperative complications; and that defendant failed to provide care to plaintiff in accordance with standards of health care professionals.

On 16 August 1984, defendant filed a timely answer, denying the material allegations of the complaint and asserting various defenses to plaintiff's claim, including a motion to dismiss plaintiff's action because it was barred by the applicable statute of limitations, G.S. sec. 1-15(c).

Plaintiff's pre-trial deposition established the following: On 21 January 1981, plaintiff fell at work and fractured her left hip. On 22 January 1981, defendant, Dr. H. R. Rogers, an orthopedic surgeon, performed a total hip arthroplasty on plaintiff whereby he inserted a partial hip prosthesis called a Gilberty Bipolar Endoprosthesis. She remained hospitalized for (14) fourteen days. Following the surgical procedure, plaintiff testified that she had continual pain. Dr. Rogers continued to treat her postoperatively and plaintiff continued to discuss with him the constant pain in her hip. Plaintiff continued to see Dr. Rogers until 24 June 1981.

After a referral by her family doctor, on 29 June 1981, plaintiff was seen by another orthopedic surgeon, Dr. Glenn Scott. He scheduled plaintiff for admission to the hospital for further surgical exploration and revision of the total hip arthroplasty. On 22 July 1981, Dr. Scott operated on plaintiff and removed the prosthesis placed in her hip by defendant Dr. Rogers and inserted a completely different prosthesis. On 18 June 1984, plaintiff filed her complaint against defendant Dr. Rogers. On 14 November 1984, Dr. Scott operated on plaintiff for surgical revision of her total hip prosthesis.

On 12 January 1987, the case came on for trial, but prior to jury selection, the parties agreed that the trial court should rule upon defendant's second defense and motion to dismiss made pursuant to G.S. sec. 1-15(c). Subsequently, after review of the pleadings and the pre-trial deposition of plaintiff, the trial court entered an order granting defendant's motion and dismissing the action as being barred by the three-year statute of limitations. Plaintiff appealed.

*Swain, Stevenson and Freeman, P.A., by Joel B. Stevenson, for plaintiff-appellant.*

*Dameron and Burgin, by Charles E. Burgin, for defendant-appellee.*

JOHNSON, Judge.

Plaintiff contends that the trial court erred in granting defendant's motion to dismiss her action based on the three-year statute of limitations, where the evidence tended to show that plaintiff filed the action pursuant to the continued course of treatment exception. We agree.

When the trial court granted defendant's motion to dismiss, it also considered plaintiff's pre-trial deposition, in addition to the pleadings. Thus, defendant's motion to dismiss was converted to a motion for summary judgment when matters outside the pleadings were presented to and not excluded by the court. *Roach v. City of Lenoir,* 44 N.C. App. 608, 261 S.E. 2d 299 (1980); *Fowler v. Williamson,* 39 N.C. App. 715, 251 S.E. 2d 889 (1979). "A motion for summary judgment may be granted only when there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law." *Ballenger v. Crowell,* 38 N.C. App. 50, 53, 247 S.E. 2d 287, 290 (1978). The rule "allows quick and final disposition of claims where there is no real question as to whether plaintiff should recover, or where the defendant has established a complete defense." *Oakley v. Little,* 49 N.C. App. 650, 652, 272 S.E. 2d 370, 372 (1980).

The statute of limitations operates to vest a defendant with the right to rely on it as a defense, and the court has no discretion when considering whether a claim is time-barred. *Congleton v. City of Asheboro,* 8 N.C. App. 571, 174 S.E. 2d 870, *cert. denied,* 277 N.C. 110 (1970). The applicable statute of limitations in this action is G.S. sec. 1-15(c) which states in part that:

Except where otherwise provided by statute, a cause of action for malpractice arising out of the performance of or failure to perform professional services shall be deemed to accrue at the time of the occurrence of the last act of the defendant giving rise to the cause of action: Provided that whenever there is bodily injury to the person, economic or

Callahan v. Rogers

monetary loss, or a defect in or damage to property which
originates under circumstances making the injury, loss, de-
fect or damage not readily apparent to the claimant at the
time of its origin, and the injury, loss, defect or damage is
discovered or should reasonably be discovered by the claim-
ant two or more years after the occurrence of the last act of
the defendant giving rise to the cause of action, suit must be
commenced within one year from the date discovery is made:
Provided nothing herein shall be construed to reduce the
statute of limitation in any such case below three years.

Thus, G.S. 1-15(c) establishes two separate grounds for malprac-
tice: (1) malpractice arising out of the performance of professional
services; and (2) the failure to perform professional services.
*Schneider v. Brunk*, 72 N.C. App. 560, 324 S.E. 2d 922 (1985). The
statute further provides that for both actions and omissions, the
cause of action accrues and the statute of limitations begins to
run at the time of defendant's *last act* giving rise to the cause of
action. *Mathis v. May*, 86 N.C. App. 436, 358 S.E. 2d 94 (1987).

Under the facts in the case *sub judice*, the alleged last act or
performance by defendant on plaintiff was the surgical operation
that was completed on 22 January 1981 so that plaintiff had until
22 January 1984 to file her action. Plaintiff did not file her com-
plaint until 18 June 1984, and contends that she is not barred by
the three year statute of limitations because her case falls within
the continued course of treatment exception. *Ballenger, supra.*
Plaintiff contends that the evidence establishes that defendant
doctor continued to provide treatment for her following surgery
by discussing with her, during her postoperative visits with him,
the problems plaintiff was experiencing with her hip; by perform-
ing a fluoroscope examination on 24 June 1981; and also by
discussing with her the results of the fluoroscope examination.
According to plaintiff's theory, Dr. Rogers' last act occurred on 24
June 1981, so that plaintiff had until 24 June 1984 in which to file
her action. Since she filed her complaint on 18 June 1984, plaintiff
argues that she has filed within the statutory period. We agree.

The continued course of treatment doctrine "applies to situa-
tions in which the doctor continues a particular course of treat-
ment over a period of time. . . . Where the injurious
consequences arise from a continuing course of negligent treat-

---

---

ment . . . the statute does not ordinarily begin to run until the injurious treatment is terminated. . . . The malpractice in such cases is regarded as a continuing tort *because of the persistence of the physician or surgeon in continuing and repeating the wrongful treatment." Ballenger*, 38 N.C. App. at 58, 247 S.E. 2d at 293 (emphasis supplied and citation omitted).

In *Stanley v. Brown*, 43 N.C. App. 503, 259 S.E. 2d 408 (1979), plaintiff, following surgery and discharge from the hospital, discovered that something was wrong. On two postoperative visits to the surgeon, plaintiff was advised that the condition was something with which "she must live." Following that last visit, plaintiff saw another physician who informed her that defendant's operation had been performed incorrectly. She underwent an operation within ten months of the first one. She testified that "when Dr. Brown told me I was going to have to live with it, I decided he was not going to be my doctor any more, because he left me in that condition, and I was satisfied that he had done the operation incorrectly, and that he had ruined me. I had already decided in April that I was in bad shape." *Id.* at 503-04, 259 S.E. 2d at 408. Plaintiff also stated the following in her deposition: that she had an operation performed on her on 27 February 1974; that sometime after 9 March 1974, she discovered something was wrong; that on 5 April 1974 and on 12 June 1974, plaintiff had two postoperative visits to the doctor; and that 12 June 1974 was the last time plaintiff saw defendant in a professional capacity. Plaintiff brought an action against the physician on 14 October 1977 for malpractice for the operation performed on 27 February 1974. In his answer defendant pled the statute of limitations as a bar to plaintiff's claim. This court held that the action accrued on the date defendant performed the surgery on the plaintiff, where plaintiff discovered the injury and had corrective surgery within ten months of the alleged negligent operation by defendant. This court noted that "[e]ven if we were to construe the facts liberally and were to find that defendant's last act occurred on 12 June 1974, when plaintiff last visited defendant's office, plaintiff still would not have filed within the statutory period." *Stanley*, 43 N.C. App. at 506-07, 259 S.E. 2d at 410.

In the case *sub judice*, plaintiff never expressly stated in her deposition that she knew the operation had been performed negligently, nor did the subsequent doctor inform her expressly

that the operation had been performed incorrectly. Plaintiff's testimony reveals that plaintiff had been experiencing pain following surgery by defendant and questioned defendant about pain; that on her last postoperative visit to defendant, on 24 June 1981, defendant stated "that [the pain] is part of the game, [and] you'll just have to learn to live with it"; that plaintiff first saw Dr. Scott on 29 June 1981; that Dr. Scott told plaintiff she would not be any better until she had surgery again; that plaintiff had corrective surgery within seven months of the alleged negligent operation by defendant; and that she didn't think about suing defendant until February 1984.

Although plaintiff could not remember the exact number of postoperative visits that had occurred, we believe these facts give rise to the application of the continued course of treatment rule enunciated in *Ballenger, supra.* The treatment provided by defendant was for the same injury and continued after the alleged acts of malpractice. It was not a mere continuity of a general physician-patient relationship. Unlike *Stanley*, plaintiff, in the case *sub judice*, was not informed per se that the operation was performed incorrectly, nor did she make an immediate determination after the operation that she had been operated on negligently. We are mindful of the fact that the record does not reveal whether the postoperative visits were initiated by plaintiff and/or were scheduled office visits. Nevertheless, although defendant informed plaintiff that the pain was something "she must live with," plaintiff continued to seek treatment from defendant because of continued pain in that area for which medical attention was first sought. These visits continued over a period of six months, culminating in plaintiff's last visit on 24 June 1981, in which defendant performed a fluoroscope examination of plaintiff's hip. Thus, defendant's last act occurred on 24 June 1981, plaintiff's last visit to the defendant-doctor. Thus, plaintiff had until 24 June 1984 in which to file an action for malpractice. Since plaintiff filed her claim on 18 June 1984, she filed within the prescribed limitation period and thus her claim is not time-barred.

On the record before this Court, there exists a genuine issue of material fact, and based on the evidence, defendant is not entitled to judgment as a matter of law. Accordingly, the order below allowing defendant's motion for summary judgment was erroneous. Therefore, the judgment below must be and is

Reversed.

Judges WELLS and COZORT concur.