GEORGE MITCHELL HATEM v. JAMES ALEXANDER BRYAN, III

No. 9415SC240

(Filed 7 February 1995)

### Limitations, Repose, and Laches § 22 (NCI4th)— medical malpractice—accrual of claim—jury question

An issue of fact for the jury was presented as to whether a claim for medical malpractice accrued on the date of defendant physician's last treatment of plaintiff or on the earlier date a second physician who examined plaintiff told him that defendant physician "should be hung by his balls," since the question of whether the second physician's statement was sufficient to charge plaintiff with notice that he had a cause of action is not so clear that it could be decided as a matter of law.

**Am Jur 2d, Physicians, Surgeons, and Other Healers § 321.**

**When statute of limitations commences to run against malpractice action against physician, surgeon, dentist, or similar practitioner. 80 ALR2d 368.**

Appeal by plaintiff from order entered 10 November 1993 by Judge Robert H. Hobgood in Orange County Superior Court. Heard in the Court of Appeals 21 October 1994.

*Law Offices of Grover C. McCain, Jr., by Grover C. McCain, Jr. and Kenneth B. Oettinger, for plaintiff-appellant.*

*Yates, McLamb & Weyher, L.L.P., by Bruce W. Berger and Suzanne S. Lever, for defendant-appellee.*

WYNN, Judge.

Plaintiff, George M. Hatem, suffered from sarcoidosis, a chronic disease process of unknown cause which may affect any organ or tissue of the body, and sought treatment from defendant, Dr. James A. Bryan, III, in 1976. Plaintiff received regular treatment from defendant until the fall of 1986 when plaintiff's brother, Dr. Joseph Patrick Hatem, became concerned by plaintiff's continued illness. Dr. Hatem arranged for plaintiff to be evaluated by Dr. Peter Pappas, a physician and colleague of Dr. Hatem. Dr. Pappas examined plaintiff on 22 Sep-

tember 1986 and on 6 October 1986. Plaintiff testified to the following in his deposition regarding Dr. Pappas's examination:

Q   Do you recall Dr. Pappas, in any way, being critical of Dr. Bryan's care of you?

A   Yes, I do, and I can give you a quote, although it's vulgar.

Q   If you would.

A   "He should be hung by his balls."

Q   And Dr. Pappas said that to you and to Joe Pat [plaintiff's brother] in 1986?

A   Correct.

Q   Did he make any other comment about Dr. Bryan's care of you?

A   Not that I can recall. He may have.

Dr. Pappas referred plaintiff to Dr. W. Giles Allen, Jr. for an evaluation of plaintiff's fatigue and shortness of breath. Subsequently, defendant saw plaintiff on 7 January 1987 and 11 February 1987. Plaintiff then lost confidence in defendant's treatment and was treated on 11 March 1987 by Dr. Joseph W. Kittinger who diagnosed plaintiff as suffering from severe sarcoidosis with lung disease and prescribed high dose steroids to treat the condition. Plaintiff testified in his deposition that Dr. Kittinger criticized Dr. Bryan's treatment, but plaintiff could not recall exactly what Dr. Kittinger said.

Plaintiff's brother, Dr. Hatem, examined plaintiff's medical records while under defendant's care. Dr. Hatem discovered that defendant did not inform plaintiff of the results of his tests. Plaintiff then filed this action against defendant for medical malpractice on 1 February 1990.

Defendant moved for summary judgment on the basis that the action was barred by the applicable three-year statute of limitations of N.C. Gen. Stat. § 1-15(c). After a hearing, the trial court determined plaintiff's action was time barred and dismissed it with prejudice. From that order, plaintiff appeals.

---

Plaintiff argues that the trial court erred by dismissing plaintiff's action on the grounds that it was barred by the statute of limitations. We agree.

N.C. Gen. Stat. § 1-15(c) provides in pertinent part:

Except where otherwise provided by statute, a cause of action for malpractice arising out of the performance of or failure to perform professional services shall be deemed to accrue at the time of the occurrence of the last act of the defendant giving rise to the cause of action: Provided that whenever there is bodily injury to the person, economic or monetary loss, or a defect in or damage to property which originates under circumstances making the injury, loss, defect or damage not readily apparent to the claimant at the time of its origin, and the injury, loss, defect or damage is discovered or should reasonably be discovered by the claimant two or more years after the occurrence of the last act of the defendant giving rise to the cause of action, suit must be commenced within one year from the date discovery is made: Provided nothing herein shall be construed to reduce the statute of limitation in any such case below three years. Provided further, that in no event shall an action be commenced more than four years from the last act of the defendant giving rise to the cause of action.

N.C. Gen. Stat. § 1-15(c) (1983).

This statute provides that the cause of action accrues and the statute of limitations begins to run at the time of the defendant's last act which gives rise to the cause of action. *Callahan v. Rogers*, 89 N.C. App. 250, 365 S.E.2d 717 (1988). "[T]he cause of action accrue[s] at the earlier of (1) the termination of defendant's treatment of plaintiff or (2) the time at which the plaintiff knew or should have known of his injury." *Ballenger v. Crowell*, 38 N.C. App. 50, 60, 247 S.E.2d 287, 294 (1978); *see Stallings v. Gunter*, 99 N.C. App. 710, 394 S.E.2d 212, *disc. review denied*, 327 N.C. 638, 399 S.E.2d 125 (1990). Whether a cause of action is barred by the statute of limitations is a mixed question of law and fact and when the facts are admitted or established the trial court may dismiss the action as a matter of law. *Little v. Rose*, 285 N.C. 724, 208 S.E.2d 666 (1974). When, however, the evidence is sufficient to support an inference that the limitations period has not expired, the issue should be submitted to the jury. *Id.* at 727, 208 S.E.2d at 668; *Calhoun v. Calhoun*, 76 N.C. App. 305, 332 S.E.2d 734, *disc. review denied*, 315 N.C. 586, 341 S.E.2d 23 (1985).

In the instant case, plaintiff argues that his cause of action accrued on 11 February 1987, the last date he was treated by defend-

ant. Defendant argues that plaintiff's cause of action accrued when Dr. Pappas told him that defendant "should be hung up by his balls." We find that the question of whether this statement was sufficient to charge plaintiff with notice that he had a cause of action is not so clear that it could be decided as a matter of law. Therefore, we conclude that the issue of when the limitations period expired is a question of fact for the jury. Accordingly, the judgment of the trial court is

Reversed.

Judges GREENE and JOHN concur.