***********
The Full Commission has reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Gheen and the briefs before the Full Commission. The appealing party has not shown good ground to receive further evidence or to rehear the parties or their representatives. Upon review of the evidence, the Full Commission affirms the Decision and Order of Deputy Commissioner Gheen.
 ***********
Based upon all the competent evidence of record the Full Commission enters the following:
 FINDINGS OF FACT
1. A hearing on Defendant's Motion To Dismiss was held on 12 November 2003.
2. Plaintiff alleged a medical negligence claim in his Tort Claim Affidavit filed with the North Carolina Industrial Commission on 19 November 2002.
3. Plaintiff alleged in his affidavit that his injury arose on 2 May 1998.
4. Defendant moved to dismiss Plaintiff's claim asserting the expiration of the statute of limitations.
5. After the hearing before the Deputy Commissioner, Plaintiff filed a Motion for Voluntary Dismissal.
 ***********
The foregoing Findings of Fact engender the following:
 CONCLUSIONS OF LAW
1. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties.Bolkir v. N.C. State University, 321 N.C. 706, 709,365 S.E.2d 898, 900 (1988).
2. Section 143-299 of the North Carolina General Statutes requires that all claims against any and all State departments, institutions, and agencies shall be forever barred unless filed within three years of the accrual of such claim. N.C. Gen. Stat. § 143-299.
3. Plaintiff has not proven that any officers, agents or employees of Defendant hindered or prevented plaintiff from filing his complaint within three years of the date of the incident. He failed to offer any sufficient legal excuse for filing the claim outside of the statute of limitations. The Court has no discretion when considering whether a claim is barred by the statute of limitations. Congleton v. City of Asheboro,8 N.C. App. 571, 174 S.E.2d 870 (1970), Callahan v. Rodgers,89 N.C. App. 250, 365 S.E.2d 717 (1988).
4. A motion for voluntary dismissal is governed by Rule 41 of the N.C. Rules of Civil Procedure. According to Rule 41(a), any action may be dismissed by a plaintiff without order of the trial court by filing: (i) a notice of dismissal at any time before the plaintiff rests his or her case; or (ii) a stipulation of dismissal signed by all parties to the action. N.C. Gen. Stat. §1A-1, Rule 41(a)(1). Plaintiff filed his notice of dismissal on 19 March 2004, well after he had rested his case. See Keyzer v.Amerlink, Ltd., ___ N.C. App. ___, 596 S.E.2d 878 (2004).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim under the Tort Claims Act must be and is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed as Plaintiff was permitted to file this civil action in forma pauperis.
3. Plaintiff's Motion for Voluntary Dismissal is DENIED.
This the ___ day of July 2004.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_____________ PAMELA T. YOUNG COMMISSIONER
 S/____________ DIANNE SELLERS COMMISSIONER