***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Chief Deputy Commissioner Gheen, and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order. Accordingly, the Full Commission affirms the Decision and Order of Chief Deputy Commissioner Gheen.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. In plaintiff's Tort Claim Affidavit filed with the North Carolina Industrial Commission on May 7, 2004, plaintiff alleges a negligence claim against the North Carolina Department of Correction.
2. Plaintiff alleges in his Affidavit that his injury arose during or between 1961 and 1963.
3. Defendant NCDOC moved to dismiss plaintiff's claim, asserting the expiration of the statute of limitations.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
2. N.C. Gen. Stat. § 143-299 requires that all claims against any and all State departments, institutions and agencies shall be forever barred unless filed within three years of the accrual of such claim.
3. Plaintiff has not proven any legal excuse or justification for his failure to timely file a state tort claim within the applicable statute of limitations. A court has no discretion when considering whether a claim is barred by the statute of limitations. Congleton v. City ofAsheboro, 8 N.C. App. 571, 174 S.E.2d 870 (1970), Callahan v. Rodgers,89 N.C. App. 250, 365 S.E.2d 717 (1988).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim under the State Tort Claims Act must be and is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This 10th day of August 2005.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER