***********
The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Chief Deputy Commissioner Gheen. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order.
 ***********
The competent evidence of record engenders the following:
 FINDINGS OF FACT
1. A hearing before the deputy commissioner on defendant's Motion To Dismiss was held on December 14, 2004.
2. Plaintiff alleges in his Tort Claim Affidavit filed with the North Carolina Industrial Commission various claims against judges, district attorneys and attorneys for an injury that arose at Ashe County Superior Court on June 30, 1995.
3. Plaintiff filed his tort claim with the Industrial Commission on October 6, 2003.
4. Defendant moved to dismiss plaintiff's claim asserting the expiration of the statute of limitations.
5. Defendant moved to dismiss plaintiff's claim for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and (6) of the North Carolina Rules of Civil Procedure. Defendant contends that the District Attorney's Office is not an agency, department or institution of the State of North Carolina subject to suit under the Tort Claims Act.
6. Defendant further moved to dismiss plaintiff's claim pursuant to the doctrine of judicial immunity.
 ***********
The foregoing Findings of Fact engender the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers the Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation and all other departments, institutions and agencies of the State.
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. N.C. Gen. Stat. § 143-299 requires that all claims against any and all State departments, institutions and agencies shall be forever barred unless filed within three years of the accrual of such claim.
4. Plaintiff has not proven any legal excuse or justification for his failure to timely file a state tort claim within the applicable statute of limitations. The Court has no discretion when considering whether a claim is barred by the statute of limitations. Congleton v. City ofAsheboro, 8 N.C. App. 571, 174 S.E.2d 870 (1970), Callahan v. Rodgers,89 N.C. App. 250, 365 S.E.2d 717 (1988).
5. The Industrial Commission has no jurisdiction over the District Attorneys Office as it is not a state agency or department as required by the Tort Claims Act. N.C. Gen. Stat. § 143-291 et seq.; Harvey v.Guilford County District Attorney's Office (I.C. File No. TA-15954, filed June 9, 2000) (Industrial Commission does not have jurisdiction over a District Attorney); Austin v. State of North Carolina and Durham CountyDistrict Attorney's Office (I.C. File No. TA-17185, filed May 7, 2004) (Industrial Commission does not have jurisdiction over Durham County District Attorney's Office because it is not a state agency or department).
6. The doctrine of judicial immunity protects a judicial official from civil claims of negligence in the performance of his duties. FuquaySprings v. Rowland, 239 N.C. 299, 301, 79 S.E.2d 774, 776 (1954) (a judge "is not subject to civil action for errors committed in the discharge of his official duties").
 ***********
The foregoing Findings of Fact and Conclusions of Law engender the following:
 ORDER
1. Plaintiff's civil action under the State Tort Claims Act must be and is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This the 9th day of August 2005.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER