* * * * * * * * * * *
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before the Deputy Commissioner and the briefs before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence or receive further evidence and having reviewed the competent evidence of record, the Full Commission hereby affirms the Decision and Order of the Deputy Commissioner.
 * * * * * * * * * * *
Based upon all the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. A hearing before the Deputy Commissioner on defendant's Motion To Dismiss was held on April 2, 2004.
2. Plaintiff alleges that an SBI agent failed to follow mandatory quality control measures in the handling, examining, and preparation of evidence, thus resulting in plaintiff being wrongly convicted of a criminal act.
3. Plaintiff alleged a date of injury of February 2, 2000, in his affidavit.
4. Plaintiff states that he mailed his tort claim affidavit on or about January 24, 2003, and claims that he allowed sufficient time for it to be filed in a timely manner at the Industrial Commission.
5. Plaintiff's tort claim affidavit was filed on February 3, 2003.
6. Defendant moved to dismiss plaintiff's claim based upon the three-year Statute of Limitation running prior to the filing of plaintiff's affidavit, plaintiff's failure to state a claim upon which relief can be granted, plaintiff's failure to allege breach of the appropriate standard of care, official immunity for public officers, and based upon other grounds.
 * * * * * * * * * * *
Based upon the foregoing Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Section 143-299 of the North Carolina General Statutes requires that all claims against any and all State departments, institutions, and agencies shall be forever barred unless filed within three years of the accrual of such claim. N.C. Gen. Stat. § 143-299.
2. Plaintiff has not proven that any officers, agents or employees of defendant hindered or prevented plaintiff from filing his complaint within three years of the date of the incident. He failed to offer any sufficient legal excuse for filing the claim outside of the statute of limitations. The Court has no discretion when considering whether a claim is barred by the statute of limitations. Congleton v. City of Asheboro,8 N.C. App. 571, 174 S.E.2d 870 (1970), Callahan v. Rodgers,89 N.C. App. 250, 365 S.E.2d 717 (1988).
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim under the Tort Claims Act must be and is hereby DISMISSED WITH PREJUDICE.
2. Each side shall bear its own costs.
This the __ day of July 2006.
 S/_____________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER