* * * * * * * * * * *
The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Chief Deputy Commissioner Gheen. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order.
 * * * * * * * * * * *
Based upon the evidence of record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. A hearing on defendant's, North Carolina Department of Correction (hereinafter "NCDOC"), Motion To Dismiss was held on December 8, 2005 before Chief Deputy Commissioner Gheen.
2. Plaintiff alleged a medical negligence claim in his Tort Claim Affidavit filed with
the North Carolina Industrial Commission on July 19, 2004.
3. Plaintiff alleges in his affidavit that the negligence was the result of acts of NCDOC agents or employees on or about October 12, 1999.
4. Plaintiff generally alleges that named physicians employed by the NCDOC were negligent in that they attempted to remove a metal rod, previously implanted in plaintiff's hip as a result of a motorcycle accident in 1982, but knew or should have known that the rod previously implanted could not be removed. The operation to remove the rod, having failed, resulted in his surgeon cutting the rod and subsequently intentionally implanting the rod into surrounding bone in an attempt to eliminate irritation.
5. Plaintiff alleges that as a result of such negligence he has sustained diminution of his physical strength, permanent impairment, mental anguish and pain and suffering.
6. NCDOC moved to dismiss plaintiff's claim asserting the expiration of the statute of limitations, noting that the operation to remove the rod in plaintiff's hip occurred more than three years prior to the filing of plaintiff's complaint in this civil action.
7. Plaintiff asserts, in a response filed on September 9, 2004, to NCDOC's Motion To Dismiss, that he did not discover the negligent acts of his attending surgeon until September 12, 2001, when another physician made certain statements indicating that his 1999 surgery had been negligently performed.
8. Plaintiff has not filed an affidavit from a qualified health care expert as required by Rule 9(j) of the North Carolina Rules of Civil Procedure.
 * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
2. In tort claims under the Act, the period of limitations is three years from the "accrual" of such claim. N.C. Gen. Stat. § 143-299.
3.NCDOC's plea of the statute of limitations is a positive defense that has been pleaded; therefore, the burden of proof is then upon Campbell to show that his or her claim is not barred, and is not upon party pleading the statute to show that it is barred. Hudson v. GameWorld, Inc., 126 N.C. App. 139, 484 S.E.2d 435 (1997). The Court has no discretion when considering whether a claim is barred by the statute of limitations. Congleton v. City of Asheboro, 8 N.C. App. 571,174 S.E.2d 870 (1970), Callahan v. Rodgers, 89 N.C. App. 250, 365 S.E.2d 717
(1988). Whether a cause of action is barred by the statute of limitations is a mixed question of law and fact; however, when the statute of limitations is properly pleaded, and the facts with reference to it are not in conflict, it becomes a matter of law, and summary judgment is appropriate. Soderlund v. Kuch, 143 N.C.App. 361,546 S.E.2d 632 (2001).
4. While N.C. Gen. Stat. § 143-299 provides for a statute of limitations of three years from "accrual of such claim," the statute does not define "accrual." "Accrual" is defined in the context of medical malpractice claims not subject to the State Tort Claims Act as follows:
 Except where otherwise provided by statute, a cause of action for malpractice arising out of the performance of or failure to perform professional services shall be deemed to accrue at the time of the occurrence of the last act of the defendant giving rise to the cause of action: Provided that whenever there is bodily injury to the person, economic or monetary loss, or a defect in or damage to property which originates under circumstances making the injury, loss, defect or damage not readily apparent to the claimant at the time of its origin, and the injury, loss, defect or damage is discovered or should reasonably be discovered by the claimant two or more years after the occurrence of the last act of the defendant giving rise to the cause of action, suit must be commenced within one year from the date discovery is made: Provided nothing herein shall be construed to reduce the statute of limitation in any such case below three years.
N.C. Gen. Stat. § 1-15(c) (emphasis added); Black v. Littlejohn,312 N.C. 626, 325 S.E.2d 469, (1985).
5. "Accrual," as a term of art applicable to the statute of limitations in State Tort Claims, is three years from the occurrence of the last act of the defendant giving rise to the cause of action or, if there is bodily injury which originates under circumstances making the injury not readily apparent to the claimant at the time of its origin, and the injury, loss, defect or damage is discovered or should reasonably be discovered, three years from discovery or when the injury should have been discovered. N.C. Gen. Stat. § 143-299.
6. Plaintiff asserts that he could not have reasonably discovered his personal injury until September 14, 2001 at which time it appears a physician had a discussion with plaintiff at which time he allegedly "discovered" his injury. For the purposes of NCDOC's Motion To Dismiss, the assertion is treated as true and it appears that plaintiff's claim was filed within the statute of limitations. N.C. Gen. Stat. § 143-291.
7. Pursuant to Rule 9(j) of the North Carolina Rules of Civil Procedure "[a]ny complaint alleging medical malpractice by a health care provider as defined in N.C. Gen. Stat. § 90-21.11 in failing to comply with the applicable standard of care under N.C. Gen. Stat. § 90-21.12
shall be dismissed unless:
 a. The pleading specifically asserts that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care;
 b. The pleading specifically asserts that the medical care has been reviewed by a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint; or The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur.
8. Pursuant to N.C. Gen. Stat. § 90-21.12, plaintiff must show that the NCDOC's physician provided plaintiff with a level of care not in accordance with the standards of practice among members of the same health care profession with similar training and experience situated in the same or similar communities at the time of the alleged negligent act giving rise to the cause of action; and that generally, expert testimony is necessary to establish this standard of care. Warren v. Canal Indus.,Inc., 61 N.C. App. 211, 300 S.E.2d 557 (1983).
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. NCDOC'S Motion To Dismiss based upon the statute of limitation is DENIED at this time but is subject to renewal after evidence is taken at hearing.
2. Plaintiff shall have one hundred and twenty days, up to and including March 1, 2007, to secure an affidavit that complies with Rule 9(j) of the North Carolina Rules of Civil Procedure from a medical expert who has reviewed Campbell's claim and is willing to testify.
3. If plaintiff does not provide a letter or affidavit from a doctor or medical expert within the time permitted, plaintiff's civil action shall be dismissed.
4. No costs are taxed at this time.
This the 1st day of November 2006.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/_____________ THOMAS J. BOLCH COMMISSIONER