***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Special Deputy Commissioner Taylor, and the briefs before the Full Commission. The appealing party did not show good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Decision and Order, except for minor modifications. Accordingly, the Full Commission affirms and adopts the Decision and Order of Special Deputy Commissioner Taylor, with minor modifications.
 ***********
Based upon all of the competent evidence record, and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. This matter is before the Full Commission on the defendant's Motion to Dismiss. *Page 2 
2. The defendant moved to dismiss the plaintiff's claim on the grounds that the Statute of Limitations expired. Additionally, the defendant moved to dismiss, based upon public official immunity, judicial immunity, and lack of subject matter jurisdiction.
3. During the hearing, the plaintiff stated that his conviction was improper due to the negligence of a Forsyth County Superior Court Judge, the Forsyth County Clerk of Superior Court, and the Forsyth County District Attorney. Additionally, the plaintiff alleged in his Affidavit that the negligent acts prevented him from exercising his constitutional rights.
4. The plaintiff's Affidavit, filed November 21, 2005, alleged an injury, due to the defendant's negligence, occurring on December 21, 2000. As such, the plaintiff's Affidavit did not state a claim for negligence, since the Statute of Limitations expired December 21, 2003.
 ***********
Based upon the foregoing Findings of Fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers the North Carolina Industrial Commission with jurisdiction to hear tort claims against the North Carolina State Board of Education, the North Carolina Department of Transportation, and all other departments, institutions, and agencies of the State of North Carolina. Under the provisions of the North Carolina Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkhir v. N.C. State University, 321 N.C. 706, 709,365 S.E.2d 898, 900 (1988).
2. N.C. Gen. Stat. § 143-299 requires that all claims against any and all State departments, institutions, and agencies shall be forever barred unless filed within three (3) years of the accrual of such claim. There is no discretion when considering whether a claim is barred by the statute of limitations. Congleton v. City of Asheboro, 8 N.C. App. 571,174 S.E.2d 870 *Page 3 
(1970), Callahan v. Rodgers, 89 N.C. App. 250, 365 S.E.2d 717 (1988). The plaintiff's Affidavit, filed November 21, 2005, alleged an injury due to the defendant's negligence on December 21, 2000. As such, the plaintiff's claim is barred by the Statute of Limitations.
3. The plaintiff named a judicial officer as a negligent party in his Affidavit. The judicial immunity doctrine bars a judicial official from civil claims of negligence in the performance of his duties. FuquaySprings v. Rowland, 239 N.C. 299, 79 S.E.2d 774 (1954). With respect to public official immunity, while the North Carolina Tort Claims Act waives sovereign immunity for the State, the Act does not waive official immunity for public officers. Collins v. North Carolina ParoleComm'n, 344 N.C. 179, 473 S.E.2d 1 (1996). However, a state officer acting within the scope of his authority cannot be held liable for the exercise of judgment and discretion, unless he acts maliciously or corruptly. In re Grad v. Kaasa, 312 N.C. 310, 313, 321 S.E.2d 888,890-91 (1984). However, intentional acts are not within the scope of the North Carolina Tort Claims Act. N.C. Gen. Stat. § 143-291.
4. For the foregoing reasons, the plaintiff did not state a claim under the North Carolina Tort Claims Act.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. The defendant's Motion to Dismiss is hereby GRANTED.
2. No costs are taxed, as the plaintiff filed this civil action informa pauperis.
This the 13th day of August, 2008. *Page 4 
 S/___________________
 BERNADINE S. BALLANCE
 COMMISSIONER
CONCURRING:
 S/___________________ DIANNE C. SELLERS COMMISSIONER *Page 1