TONY E. LAMBETH AND BONNIE G. LAMBETH, PLAINTIFFS v. MEDIA GENERAL, INC. D/B/A WINSTON-SALEM JOURNAL AND JOHN O. BROWN AND JASON T. CRAVER AND MICHAEL S. BARBER, DEFENDANTS

No. COA04-401

(Filed 7 December 2004)

**Negligence— newspaper stop-delivery notice not secured— home broken into—no duty or causation**

The trial court properly dismissed a complaint against a newspaper owner for failure to state a claim where plaintiffs alleged that their home was broken into while they were away because defendant left the stop delivery notice with the newspapers at the drop-off, available to any passerby. Plaintiffs did not allege a legal duty owed by defendant or a causal connection between breach of such a duty and their injury.

Appeal by plaintiffs from order of dismissal entered 10 December 2003 by Judge William Graham in Forsyth County District Court. Heard in the Court of Appeals 22 October 2004.

*Douglas K. Meyers, for plaintiff-appellant.*

*Enns & Archer, LLP, by Roderick J. Enns, for defendant-appellee.*

MARTIN, Chief Judge.

Plaintiffs, Tony and Bonnie Lambeth, brought this action asserting a claim for conversion against defendants Brown, Craver and Barber and a claim of negligence against defendant Media General, Inc. (Media General). Plaintiffs' claims arise out of a break-in of their home on 16 September 2002 by the individual defendants, who stole guns, currency, coins, and electronic devices, and converted this property for their own use. With respect to defendant Media General, plaintiffs alleged that they were subscribers to one of its newspapers, *The Winston Salem Journal*, and contacted the newspaper in September 2002 to request that their home delivery be stopped while they were away from home in order to reduce the appearance that their home was vacant. Plaintiffs alleged that an employee of Media General conveyed the notice to stop delivery to its newspaper carrier by leaving it "with the newspaper carrier's daily newspapers at the carrier's drop off location . . .;" "that the stop notice . . . was not secured and that a passerby could obtain and read the notice and thereby obtain knowledge of the plaintiffs' request to stop newspaper delivery and their absence from home;" and that Brown, Craver, and Barber chose plaintiffs' residence as a target of their criminal activity after learning of plaintiffs' absence therefrom "by reading the stop notice issued to the newspaper carrier."

The complaint further alleged:

22. Employees and agents of defendant, Media General, knew or should have known that plaintiffs' disclosure . . . of their imminent absence from their home for a period of time could aid a third-party obtaining such information in committing a crime against plaintiffs' home by revealing plaintiffs' absence . . .

and alleged that defendant Medial General had breached its duty to plaintiffs by failing to protect the dissemination of the stop notice, carelessly disregarding the risks this failure posed to plaintiffs' property. The complaint alleged:

25. The acquisition and use of the sensitive information regarding plaintiffs' absence by a third party to exploit the disclosed vulnerability of plaintiffs' home and reduce the risk of entering their home without detection was a foreseeable consequence of defendant Media General's negligent treatment of that specific information . . . through the acts and omissions of its agents and employees.

and that defendant's lack of reasonable care "was a proximate cause of [plaintiffs'] home's selection for the break-in carried out by defendants Brown, Craver and Barber and plaintiffs' losses which derived from that break in."

Defendant Media General moved to dismiss plaintiffs' complaint against it pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6). The trial court granted Media General's motion, dismissing plaintiffs' claim against it with prejudice. Plaintiffs appeal.

Plaintiffs' sole argument on appeal is that the allegations in the complaint were sufficient to state a claim for negligence. We disagree.

"A motion to dismiss made pursuant to G.S. 1A-1, Rule 12(b)(6) tests the legal sufficiency of the complaint." *Harris v. NCNB*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987). If no law to support the claim exists or if supporting facts are inadequate, a complaint may be dismissed. *Shell Island Homeowners Ass'n v. Tomlinson*, 134 N.C. App. 217, 225, 517 S.E.2d 406, 413 (1999). "To withstand a motion to dismiss, plaintiff's negligence complaint must allege the existence of a legal duty or standard of care owed to the plaintiff by the defendant, breach of that duty, and a causal relationship between the breach of duty and certain actual injury or loss sustained by the plaintiff." *Sterner v. Penn*, 159 N.C. App. 626, 629, 583 S.E.2d 670, 673 (2003) (internal citation omitted).

Plaintiffs argue their complaint sufficiently alleges that Media General had a duty of reasonable care regarding information about their absence from home. Plaintiffs maintain that Media General had a legal duty to guard their stop order to prevent the harm of a break-in because Media General rendered a service to them. Plaintiffs contend that when an active course of conduct is undertaken, it is negligent to violate the "positive duty to exercise ordinary care to protect others from harm." *Davidson and Jones, Inc. v. County of New Hanover*, 41 N.C. App. 661, 666, 255 S.E.2d 580, 584, *disc. review denied*, 298 N.C. 295, 259 S.E.2d 911 (1979). We disagree.

The duty of ordinary care "arises whenever one person is by circumstances placed in such a position towards another that anyone of ordinary sense" recognizes the need to use ordinary care to prevent "injury to the person or property of the other." *Davidson*, 41 N.C. App. at 666, 255 S.E.2d at 584. Under this standard, we do not believe the allegations of the complaint are sufficient to show that Media

**LAMBETH v. MEDIA GEN., INC.**

[167 N.C. App. 350 (2004)]

General breached any duty of ordinary care owed plaintiffs under the circumstances. The course of conduct undertaken by Media General was newspaper delivery and stopping that delivery while plaintiffs were on vacation. The complaint alleges no breach by Media General of its duty to use ordinary care in performing that course of conduct. Plaintiffs cite no authority for the proposition that Media General owed a further legal duty to plaintiffs to treat the "stop delivery" request in confidence, and we decline to invent one. Moreover, even if we were to decide that plaintiffs had sufficiently alleged that Media General had a legal duty to maintain the "stop delivery" request as confidential and breached that duty, plaintiffs' complaint is nevertheless insufficient to allege a causal relationship between any such breach and plaintiffs' loss.

Plaintiffs' complaint asserted that the stop order was left in the open for anyone to read and that the individual defendants read it and thereby selected plaintiffs' house as their target. They contend this adequately alleges a causal connection between Media General's negligent act and plaintiffs' loss. We cannot agree. To withstand a motion to dismiss, a plaintiff's complaint in negligence must allege facts demonstrating "that the defendants' negligence was a proximate cause of their injuries." *Ford v. Peaches Entertainment Corp.*, 83 N.C. App. 155, 156, 349 S.E.2d 82, 83 (1986), *disc. review denied,* 318 N.C. 694, 351 S.E.2d 746 (1987). "Foreseeability of some injury from an act or omission is a prerequisite to its being a proximate cause of the injury for which the plaintiff seeks to recover damages." *Ratliff v. Power Co.*, 268 N.C. 605, 614, 151 S.E.2d 641, 648 (1966). The break-in was not a foreseeable consequence of defendant's system of communicating the stop notices to its carrier. Here, the intervening acts of the other defendants caused the harm from which the plaintiffs seek recovery. *See Meyer v. McCarley and Co.*, 288 N.C. 62, 68, 215 S.E.2d 583, 587 (1975) (holding there is no liability for the loss where an unforeseeable intervening act was the cause of the harm). Because the plaintiffs alleged neither a legal duty owed them by Media General nor a causal connection between any breach of such duty and their injury, the trial court properly dismissed the plaintiffs' complaint.

Affirmed.

Judges McCULLOUGH and STEELMAN concur.