***********
The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Chief Deputy Commissioner Gheen. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order.
 ***********
The competent evidence of record engenders the following:
 FINDINGS OF FACT
1. A hearing before the deputy commissioner on defendant's Motion To Dismiss was held on December 17, 2004. Defendant moved to dismiss plaintiff's claim asserting the expiration of the statute of limitations.
2. Plaintiff alleges a negligence claim against the North Carolina Department of Correction in his Tort Claim Affidavit filed with the North Carolina Industrial Commission on May 6, 2004. Plaintiff specifically alleges in his Affidavit that the events giving rise to this civil action occurred on May 1, 2000.
 ***********
The foregoing Findings of Fact engender the following:
 CONCLUSIONS OF LAW
1. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
2. N.C. Gen. Stat. § 143-299 requires that all claims against any and all State departments, institutions and agencies shall be forever barred unless filed within three years of the accrual of such claim.
3. Plaintiff has not proven any legal excuse or justification for his failure to timely file a state tort claim within the applicable statute of limitations. The Court has no discretion when considering whether a claim is barred by the statute of limitations. Congleton v. City ofAsheboro, 8 N.C. App. 571, 174 S.E.2d 870 (1970), Callahan v. Rodgers,89 N.C. App. 250, 365 S.E.2d 717 (1988).
4. Additionally, plaintiff has further failed to state a claim for negligence against defendant's superintendents in that there are no allegations that defendant received the legal mail plaintiff claims was taken or lost. If no law to support the claim exists or if supporting facts are inadequate, a complaint may be dismissed. Lambeth v. MediaGeneral, Inc., 167 N.C. App. 350, 605 S.E.2d 165 (2004).
 ***********
The foregoing Findings of Fact and Conclusions of Law engender the following:
 ORDER
1. Plaintiff's claim under the State Tort Claims Act must be and is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This the 9th day of August 2005.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER